# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES W. BAXTER, | ) | |
| Plaintiff, | ) | Civil Action No. 17-17 Erie |
| | ) | |
| v. | ) | Magistrate Judge Baxter |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION | ) | |
| and ERIE COUNTY PRISON, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION[1]

United States Magistrate Judge Susan Paradise Baxter

## I.    INTRODUCTION

### A.    Relevant Procedural History

On January 20, 2017, Plaintiff Charles Baxter, an inmate at the Erie County Prison in Erie, Pennsylvania, brought this *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Social Security Administration and the Erie County Prison.

Defendant Erie County Prison filed a motion to dismiss. ECF No. 19. In opposition, Plaintiff filed a response to Defendant's motion essentially restating the allegations of his complaint. ECF No. 24; ECF No. 25. Defendant Social Security Administration filed a motion to dismiss. ECF No. 28. Despite being given the opportunity to do so, Plaintiff has not filed any opposition to this motion to dismiss. This matter is now ripe for consideration.

### B.    Standards of Review

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. ECF No. 4; ECF No. 14; ECF No. 32.

1

1. *Pro se* **Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520–21 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with measure of tolerance"). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), overruled on other grounds by Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001); see e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences when appropriate.

2. **Motion to Dismiss**

A motion to dismiss filed pursuant to Rule 12(b)(6) must be viewed in the light most favorable to the plaintiff and the complaint's well-pleaded allegations must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard

2

set forth in Conley v. Gibson, 355 U.S. 41 (1957)); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A court need not accept inferences drawn by a plaintiff if they are unsupported by the facts set forth in the complaint. See California Pub. Emps' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 146 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McTernan v. City of York, Pa., 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556 citing 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235–36 (3d ed. 2004). Although the United States Supreme Court ("Supreme Court") does "not require heightened pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, No. 07-528, 2008 WL 482469, at *1 (D. Del. Feb. 19, 2008) quoting Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases. To determine the sufficiency of a complaint under Twombly and Iqbal, the court must follow three steps:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 2. Motion for Summary Judgment

Although Defendants did not move for summary judgment, both Defendants have attached evidentiary materials to their motion to dismiss. Therefore, this Court will convert the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998) ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment.").

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at

4

trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323, quoting Fed. R. Civ. P. 56.

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex, 477 U.S. at 330; see also Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metro. Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Id.; see also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001); Garcia v. Kimmell, 381 F. App'x 211, 213 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (the non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue.") (internal citation omitted).

### C. Plaintiff's Allegations

In his complaint, Plaintiff alleges that the Social Security Administration stopped his SSI benefit checks when he was incarcerated and he seeks to have the "Social Security Administration to turn my checks back on." ECF No. 3, page 2. Plaintiff claims that because his Social Security checks stopped, he lost his apartment and all his personal belongings.

5

As to Erie County Prison, the entirety of Plaintiff's allegations against it read:

> Erie County Prison officials Officer Kendozia, Lt. Herman. They refused me medical services and threaten me with severe punishment for requesting medical services. They are violating my right to bottom tier, bottom bunk status due to prior head and back injuries.

ECF No. 3-1, page 2.[2]

### D. Erie County Prison's Motion to Dismiss

Defendant Erie County Prison argues that this case should be dismissed due to Plaintiff's failure to exhaust his administrative remedies in accordance with the mandates of the Prison Litigation Reform Act.

#### 1. The Prison Litigation Reform Act

The PLRA's requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed by a prisoner prior to filing an action regardless of the relief sought. Booth v. Churner, 532 U.S. 731, 741 (2001).[3] The exhaustion requirement is not a technicality, rather it is

---

[2] Plaintiff filed a civil rights action at C.A. No. 17-16E against the Erie County Prison complaining of the actions of Officer Kendozia and Lt. Herman in regards to his bottom bunk status. This case was dismissed due to Plaintiff's failure to exhaust in accordance with the requirement of the Prison Litigation Reform Act.

[3] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) (". . . [W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

federal law that federal district courts must follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").[4] The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87–91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Id. at 83.

### 2. The Administrative Process Available to ECP Inmates

Determining whether Plaintiff exhausted his administrative remedies should not occur without first outlining the administrative process available to inmates at the Erie County Prison. Inmates should first verbally attempt to resolve grievances through housing unit staff. See ECF No. 19-1. If verbal attempts fail, inmates may file a written grievance "within fifteen . . . days after" the event the prisoner complains of. Id. (emphasis removed). A written grievance "should be filed with the inmate's counselor first on a form provided for that purpose." Id.

Prison officials will make an initial decision on a written grievance "within 20 days after" its filing. Id. If unsatisfied with the decision "by the Deputy Warden . . . he or she may appeal within five . . . working days to the Warden who will attempt to resolve the matter or assign a

---

[4] There is no futility exception to the administrative exhaustion requirement. Banks v. Roberts, 251 F. App'x 774, 776 (3d Cir. 2007) citing Nyhuis, 204 F.3d at 71 ("[Plaintiff's] argument fails under this Court's bright line rule that 'completely precludes a futility exception to the PLRA's mandatory exhaustion requirement.'"); see also Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Indeed, as we held in Booth, a prisoner must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative process.").

staff member to do so." Id. The Warden will decide the appeal and "reply to the inmate within ten . . . working days. The Warden's decision will be final." Id. (emphasis removed).

### 3. Plaintiff's utilization of the administrative remedy process

In support of its argument that Plaintiff has failed to exhaust his administrative remedies, Defendant has submitted the Affidavit of Deputy Warden Gary Seymour, who declares, in pertinent part:

> 3. I have reviewed the prison records of [Plaintiff] with respect to his commitment at the Erie County Prison beginning on or about September 3, 2016 through March 7, 2017, when he was released from the Erie County Prison.
>
> 4. I have reviewed all incident, information and misconduct reports and medical and mental health records regarding [Plaintiff's] incarceration.
>
> 5. I have also searched for any grievances or documents which could be considered grievances filed by [Plaintiff] during his incarceration at Erie County Prison.
>
> 6. I hereby certify and attest that during his incarceration at Erie County Prison from September 3, 2016 through his release on March 7, 2017, [Plaintiff] <u>did not file any inmate grievances</u> regarding medical care or treatment he received, the lack of medical care or treatment he received, any threats made by corrections officers of any rank, or any other condition of prison life. In fact, [Plaintiff] never requested an opportunity to file a grievance during his commitment at Erie County Prison.

ECF No. 19-1, Affidavit of Deputy Warden Gary Seymour, at ¶¶ 3-6 (emphasis in original).

The above declarations of Deputy Warden Seymour have not been opposed or contradicted, in any way, by Plaintiff. As a result, the Court finds that Plaintiff has failed to exhaust his administrative remedies with regard to any of the claims against Erie County Prison, and summary judgment will be granted in favor of Erie County Prison.

### E. The Social Security Administration's motion to dismiss

Defendant Social Security Administration moves for dismissal under 42 U.S.C. § 405(g) which provides: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."

The record before this Court demonstrates that Plaintiff did not request a review of his claim by the Appeals Council and therefore, Plaintiff has not obtained a judicially reviewable "final decision after a hearing." 20 C.F.R. § § 404.900(a)(5), 416.1400(a)(5). Plaintiff has not provided any argument or evidence to the contrary. Summary judgment will be granted in favor of the Commissioner of the Social Security Administration.

An appropriate Order will follow.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date: March 12, 2018